IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL VIELBIG,

    Petitioner,               No. CIV S-11-2415 DAD P

    vs.

C. GIBSON,

    Respondent.           ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. On September 22, 2011, petitioner consented to Magistrate Judge jurisdiction in this habeas action pursuant to 28 U.S.C. § 636(c). See Doc. No. 5.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner is serving a sentence of 345 years to life in state prison and as part of his sentence was ordered to pay restitution in the amount of $10,000. In his habeas petition, petitioner claims that his due process rights under the Fifth Amendment were violated when the trial court imposed a restitution fine as part of his sentence despite petitioner's inability to pay.

1

1  (Petition, Doc. No. 1 at 4.)  Petitioner requests that the restitution fine be "stricken" or that the
2  matter be remanded for a hearing on petitioner's ability to pay restitution.  (Id. at 16.)

3          The court is required to examine a petition for federal habeas corpus relief before
4  requiring a response to it.  See Rules 3 & 4, Rules Governing § 2254 Cases.  "If it plainly appears
5  from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the
6  judge shall make an order for its summary dismissal . . . ."  Rule 4, Rules Governing § 2254
7  Cases.  Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits
8  when no claim for relief is stated.'"  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
9  (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

10          Here, the court finds that because petitioner challenges solely the restitution
11  portion of his state court judgment of conviction, the court lacks jurisdiction to consider the
12  habeas petition.  Bailey v. Hill, 599 F.3d 976, 979-80 (9th Cir. 2010) (Concluding that the court
13  lacks jurisdiction over a habeas petition that challenges only a restitution order because the
14  requirement that restitution be paid "is not by ordinary meaning a part of [petitioner's]
15  custody."); see also Hannah v. Curry, No. 1:09-cv-1133 OWW-JLT HC, 2010 WL 2219214, at
16  *6-7 (E.D. Cal. June2 2, 2010) (dismissing habeas claims challenging only the petitioner's
17  restitution fine due to lack of jurisdiction based on the decision in Baily); Keller v. Cullen, No. C
18  10-04162 SBA (SR), 2010 WL 4695938, at *1 (N.D. Cal. Nov. 10, 2010) ("Petitioner's claim
19  that the trial court exceeded its statutory authority by imposing an excessive restitution fine fails
20  to satisfy the second custody requirement because success on the claims might cause the
21  restitution fine to be set aside but would not affect any restraint on his liberty.").

22          Accordingly, IT IS HEREBY ORDERED that this action is summarily dismissed
23  because it plainly appears from the face of the petition that petitioner is not entitled to relief
24  pursuant to 28 U.S.C. § 2254.  For these same reasons, the court declines to issue a certificate of
25  /////
26  /////

1  appealability.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must

2  issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

3  DATED: March 28, 2012.

```
                            _____
                            DALE A. DROZD
6  DAD:4                    UNITED STATES MAGISTRATE JUDGE
   viel2415.56
```

3